# THE STATE *vs.* ARTHUR N. SMALL.

In an indictment against A. S. as one of the Wardens of the city of *Portland,* for receiving, at a general election, the vote of a person whose name was not borne on the list of voters, it was held to be necessary to allege that the act so done and committed was "*unreasonable, corrupt* or *wilfully oppressive.*"

THE defendant as Warden of the 2d Ward in the *City of Portland,* was indicted for receiving at an election of Governor, Senators, and Representatives, the vote of one *Daniel Merritt,* when the name of the said *Merritt* was not borne on the list of voters for said Ward.

A verdict of guilty being returned, *Preble* and *Megquier* coun-sel for the defendant, moved in arrest of judgment,

1. " Because there is not in and by said indictment any of-" fence charged or alleged against the said *Small* for which he " is liable to be indicted, either at common law or by statute."

2. " Because it is not alleged in and by said indictment that

" the act with which the said *Small* is charged as constituting " the offence alleged against him, was " *unreasonable, corrupt* " or *wilfully oppressive.*"

The 8*th sec.* of *stat.* of 1821, *ch.* 115, entitled " An Act " regulating Elections," on which the indictment was founded, is in these words : " If any person, who is by law authorised to " preside at any meeting, or to receive votes at any meeting, " which may be holden for the choosing of Governor, Sena- " tors and Representatives to the Legislature, or any town " officers, shall knowingly receive the vote of any person who " is not qualified to vote agreeably to the Constitution and laws " of this State, in choosing as aforesaid ; such person so pre- " siding or receiving any vote as aforesaid, shall forfeit and pay " one hundred dollars," &c.

By *stat.* of 1831, entitled " An *Additional* Act regulating " Elections" it is provided, " that, in no case, shall any town or " plantation officer incur a penalty, or be made to suffer in " damages, by reason of his official acts, or neglects, unless the " same shall be *unreasonable, corrupt* or *wilfully oppressive.*"

*Preble* and *Megquier,* cited the above statutes and also the Act incorporating the City of *Portland, Spec. Laws, ch.* 248, *sec.* 9, which provides that Wardens shall preside in ward meetings with the same *powers,* &c. as moderators of town meetings, and contended that there was no provision in the law subjecting them to the same *liabilities* and *penalties.* And 2, that the indictment was bad, it containing no allegation that the act charged as an offence was " *unreasonable, corrupt* and " *wilfully oppressive.*"

Though the first statute does not contain these words, yet by the enactment of the last, the first is to be construed as if these words were incorporated into it. They constitute an integral part of the offence.

It is a general rule, that, when an offence is created by statute, the indictment must use the statute language — and the use of language deemed *equivalent* to it is not permitted.

*Rogers,* Attorney General.

The words of the statute are, " That if any person who is

" authorised by law *to preside at any meetings*," &c. To *him* the penalty attaches. And by the City Charter the Wardens are made the *presiding officers.*

There is no allegation in the indictment of corrupt motive, because there was no proof of its existence. But insist that no such allegation is necessary. The indictment follows the language of the 8th section, which is, " if any officer *know-* " *ingly* receive," &c. The *stat.* of 1831, containing the words " unreasonable, corrupt and wilfully oppressive" applies to general elections, and not to the election of town officers.

MELLEN C. J. delivered the opinion of the Court.

The indictment in this case is founded on the 8th section of *ch.* 115 of the revised statutes, and the alleged offence is correctly set forth in the language of the above section. The two reasons assigned in the motion in arrest of judgment, are, 1— That the defendant is not liable to be indicted for the act charged to have been done and committed by him as Warden of the second Ward : 2, That it is not alleged that the act charged to have been so done and committed by him, was " unreasonable, " corrupt or wilfully oppressive." As to the *first* objection or reason assigned in arrest, we give no opinion. Our decision is founded on the *second.* The statute of 1821, above cited, is entitled " An Act regulating Elections." It is general; extending to the election of members of Congress, Electors of Presi‧ dent and Vice President, and all State and town officers. The act of *March* 31, 1831, is entitled " An *additional* Act regulat- " ing Elections." The fifth section of it contains, among other things, the following provision. " That, *in no case,* shall any " town or plantation officer incur a penalty, or be made to suf- " fer in damages, by reason of his official acts or neglects, un- " less the same shall be " unreasonable, corrupt or wilfully op- " pressive." The section concludes with a proviso, which, however, has no connection with the point under consideration. The last section repeals all acts and parts of acts inconsistent with the provisions of the act. Both acts relate to the same general subject, and, of course, being *in pari materia,* may properly be considered, for the purposes of construction, as one

act. The foregoing provision in the fifth section of the *last* act has essentially changed the character of the offence, described in the eighth section of the *first* act: by that section it was an offence "*knowingly* to receive the vote of any person who is "not entitled to vote agreeably to the Constitution and laws of "the State in choosing" Governor, Senators and Representatives to the Legislature or any town officer. As by the fifth section of the last statute, the *official acts or neglects* complained of, would not expose the officer to a penalty or damages, unless the same were "unreasonable, corrupt or wilfully op-"pressive," such characteristics of the acts must be *proved* to produce the conviction of the officer charged ; and whatever it is necessary should be *proved*, must be *alleged*. In a word, the facts, now necessary to constitute the offence, must be set forth in an indictment. In the indictment before us, such is not the case, and accordingly no judgment can be rendered on the verdict.

*Judgment arrested.*